DAVID C. SHONKA
Acting General Counsel

KATHERINE WORTHMAN, DC Bar No. 488800
IOANA RUSU, DC Bar No. 1001603

Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Phone:  (202) 326-2929 (Worthman)
Facsimile:  (202) 326-3768
Email:  kworthman@ftc.gov (Worthman); irusu@ftc.gov (Rusu)

Colin Hector, CA Bar No. 281795
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Phone: (415) 848-5100
Facsimile: (415) 848-5184
Email: Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>       v.<br><br>UBER TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>    Defendant. | **Case No. 3:17-cv-00261-JST**<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for

Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction,

**STIPULATED ORDER**                                                                                                   **PAGE 1**

and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with its false, misleading, or  unsubstantiated claims regarding driver earnings and its Vehicle Program.

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear its own costs and attorney fees.

5.      Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.       "**App**" shall mean any software application or code that can be transmitted or downloaded to any mobile device.  "**App**" also includes any software referred to as an

**STIPULATED ORDER**                                                                                          **PAGE 2**

"App" or "MobileApp" by Defendant in the course of its communications or business practices, or in any App Store.

B.      "**Defendant**" means Uber Technologies, Inc. and its successors and assigns.

C.      "**Driver**" means someone who receives transportation requests from members of the public using Defendant's App.

D.      "**Vehicle Program**" means a program offering or advertising motor vehicles or motor vehicle financing or leasing.

**ORDER**

**I.  PROHIBITION AGAINST MISREPRESENTATIONS**

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from:

A.      making any misrepresentation, or assisting others in making any misrepresentation, expressly or by implication, regarding:

1.      the income a Driver is likely to earn;

2.      the terms and conditions of financing or leasing, whether offered by Uber or another entity; and

3.      the terms and conditions of any Vehicle Program.

B.      making any representation, or assisting others in making any representation, expressly or by implication, unless the representation is non-misleading, and, at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity to substantiate that the representation is true, regarding:

1.      the income a consumer is likely to earn as a Driver;

**STIPULATED ORDER**                                                                    **PAGE 3**

2.      the terms and conditions of financing or leasing, whether offered by Uber or another entity; or

3.      the terms and conditions of any Vehicle Program.

## II.  MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.      Judgment of the amount of twenty million dollars ($20,000,000) is entered in favor of the Commission against Defendant as equitable relief.

B.      Defendant is ordered to pay to the Commission twenty million dollars ($20,000,000), which, as Defendant stipulates, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C.      Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.      Defendant acknowledges that its Taxpayer Identification Numbers (Employer Identification Number), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with

**STIPULATED ORDER**                                                                                      **PAGE 4**

31 U.S.C. §7701.

G.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### III.  DRIVER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient Driver information to enable the Commission to efficiently administer consumer redress. Defendant represents that it will provided this redress information to the Commission.  If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

### IV.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.      Defendant, within 7 days of entry of this Order, must submit to the Commission an

**STIPULATED ORDER**                                                                                   **PAGE 5**

acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, Defendant must deliver a copy of this Order to:  (1) all principals, officers, and directors; (2) all employees, agents, and representatives who participate in marketing, promotion, offering of any good or service offered by the Defendant or a third party relating to the activities covered in this Order and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.      One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

**STIPULATED ORDER**                                                                     **PAGE 6**

B.      For 9 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) Defendant's structure or that of any entity Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  *FTC v. Uber Technologies Inc.*

## VI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 9 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant must create and maintain the following records:

A.      accounting records showing the revenues from all goods or services sold;

**STIPULATED ORDER**                                                                                   **PAGE 7**

B.      personnel records showing, for each person providing transportation services, whether as an independent contractor, employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination of the relationship;

C.      records of all Driver complaints relating to Driver earnings or the Vehicle Program whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      a copy of each unique advertisement or other marketing material relating to the amount of money Drivers can earn driving on the Uber platform or the Vehicle Program.

## VII. COMPLIANCE MONITORING

        IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including the financial representations upon which the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.       For matters concerning this Order, the Commission is authorized to communicate directly with the Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

**STIPULATED ORDER**                                                                                    **PAGE 8**

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this  2   day of  February       , 2017.**

_____

UNITED STATES DISTRICT JUDGE

**STIPULATED ORDER**                                                                    **PAGE 9**

1    **SO STIPULATED AND AGREED:**

2    **FOR PLAINTIFF:**

3    FEDERAL TRADE COMMISSION

4                                                    Date: _1/19/17_

5    Katherine Worthman, Attorney
     Federal Trade Commission
6    Seattle, WA 98174
     202-326-2929 (phone)
7    202-326-3768 (fax)
     kworthman@ftc.gov
8

9    Ioana Rusu, Attorney
     Federal Trade Commission
10   Washington, DC 20580
     202-326-2788 (phone)
11   202-326-3768 (fax)
     irusu@ftc.gov
12

13   Colin Hector, Attorney
     Federal Trade Commission
14   901 Market Street, Suite 570
     San Francisco, CA 94103
15   415-848-5100 (phone)
     415-848-5184 (fax)
16   chector@ftc.gov
     FEDERAL TRADE COMMISSION
17

18

19

20

21

22

23

24

25

26

27

**STIPULATED ORDER**                          **PAGE 10**

1

2   FOR DEFENDANT:

3   _____   Date: 1/18/2017
    Andrew Smith
4   John Graubert
    One CityCenter
5   850 Tenth Street, NW
    Washington, DC 20001-4956
6   202-662-5049 (phone) (Smith)
    202-662-5938 (phone) (Graubert)
7   202-778-5938 (fax)
    andrewsmith@cov.com
8   jgraubert@cov.com

9
    COUNSEL For Uber Technologies Inc.
10
    DEFENDANT:  Uber Technologies Inc.
11

12  _____   Date: 1/18/2017

13  Travis Kalanick, CEO
    Uber Technologies, Inc.
14  San Francisco, CA 94103

15

16

17

18

19

20

21

22

23

24

25

26

27

    **STIPULATED ORDER**                                    **PAGE 11**